Jackson
v.
Stiles.

JACKSON, *ex dem.* MARIA C. GOUVERNEUR AND OTHERS, *against* STILES, TUCKER, tenant.

*The court will not stay proceedings in ejectment, till the costs of a former ejectment are paid, unless it appear that the same title was, or might have been tried in the former suit.*

*And where W. brought ejectment against T. and G. sought to be admitted to defend as landlady of T. which was denied, because T. was the tenant of W; on G.'s bringing ejectment against T. held, that the proceedings should not be stayed in the second ejectment, till G. had paid the costs of the first*

MISS GOUVERNEUR having been denied the right to defend as landlady of Tucker, who had attorned to, and taken a lease of her, after the expiration of his lease from one of the lessors in the cause reported ante, vol. 1, p. 575, as there mentioned, the plaintiff retained his judgment in that action, and had demanded the costs of Tucker, who refused to pay them. Miss Gouverneur having brought the present action, against Tucker, before he was turned out of possession in the first action,

*J. Oakley*, now moved that all proceedings be stayed on her part, till the costs of that action be paid. He said the general rule is, that the Court will stay all proceedings in a second ejectment until the costs of the first be paid, where the title in question is the same in both. The tenant may be insolvent. The landlady was denied the chance of defending in the first suit, on account of her own tortious act, (*Doe* v. *Smythe*, 4 M. & S. 347,) and a part of the costs in the former action, was occasioned by her application to be admitted defendant. Her unwarrantable interference, by inducing our tenant to attorn, drove us to the necessity of that action; and the only restraint which the Court can exercise against the multiplied actions of ejectment, conducted or defended in the names of others, is by staying the proceedings, till the injured party is made good for his costs. *Jackson* v. *Edwards*, (1 Cowen's Rep. 138,) was not so strong as the present; yet the Court stayed the proceedings, though Mr. Cady, the counsel for the plaintiff, urged the same objection, which may be taken here, that Miss G. is not legally liable to be proceeded against for these costs. In *Jackson* v. *Clark*, (1 Cowen's Rep. 140,) the motion was denied, it is true, but there the lessor in the second suit was no way privy to the first. 2 Archbold, 189, Dunlap, 1025, 6, and Adams,

320, show that it is not necessary that the merits should have been decided in the former action.

*D. Tillotson*, contra, denied the application of the authorities cited. They related to cases where the title had, or, at least, might have been decided ; but here the relation in which the former lessors stood to the tenant, and his attornment to the present lessor being void, Miss G.'s title could not possibly have been tried in the former suit, even if she had been admitted defendant. (*Doe* v. *Smythe*, 4 M. & S. 347.) On this ground, she was refused a chance to defend, on the plaintiff's own objection. (1 Cowen's Rep. 575.)

*Curia.* To warrant the rule as applied for, it should, at least, appear that the defence in the first suit was upon the same title, as the one sought to be enforced here by Miss Gouverneur, as lessor of the plaintiff. Now this could not have been so, for Miss Gouverneur claimed, in opposition to the title of the tenant in the former suit ; and she was denied a defence upon the very ground that her title could not be tried, as the former action was shaped. The relation of tenant and landlords, between Tucker and the former lessors, shut out all dispute about their title, or that of Miss Gouverneur ; and this too, upon an objection made by themselves. Here, then, has been no trial, or chance to try the title of the present lessors, either directly by themselves, or through any one in privity with them.

Motion denied.